# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Otis Mays,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Bloomington Police Department et al.,<br><br>　　　　Defendants. | Case No. 21-CV-0665 (SRN/BRT)<br><br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the application to proceed *in forma pauperis* (IFP) on appeal of Plaintiff Otis Mays [Doc. No. 21 ("IFP Application")]. After review, this Court concludes that Mays qualifies financially for IFP status. This Court also concludes that, although it continues to believe that Mays's action was correctly dismissed, his appeal is not frivolous as the Supreme Court has defined that term. Accordingly, Mays's IFP application is granted.

Because Mays is a prisoner, the IFP Application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1)　Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
> 　　(A)　the average monthly deposits to the prisoner's account; or

    (B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2)    After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

(3)    In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or appeal of a civil action . . . .

(4)    In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act ("PLRA")—prisoners who are granted IFP status on appeal are *not* excused from paying the appellate filing fee altogether, as is the case for nonprisoner IFP appellants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the appellate filing fee in installments, rather than paying the entire amount in advance. *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997); *cf. Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the appeal,

and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In this case, the "Certificate" section of the IFP Application states that the amount of Hodges's average monthly deposits during the preceding six-month period was $34.50, while his average monthly balance during the same period was $65.51.  [*See* IFP Appl. at 6.]  Because the average monthly balance amount exceeds the average monthly deposits, Mays's initial partial filing fee for his appeal, under the formula prescribed by 28 U.S.C. § 1915(b)(1), will be 20 percent of the average monthly balance, or $13.12.  If Mays elects to pursue his appeal, he will be required to pay this initial partial filing fee regardless of the appeal's outcome, and prison officials will be authorized to deduct the remainder of the $505.00 filing fee from Mays's trust account, as provided by § 1915(b)(2).

Given the above discussion, the IFP Application will be granted, subject to Mays's payment of the $13.12 initial partial filing fee.

## ORDER

Based on the foregoing, and on all of the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Otis Mays must pay an initial partial filing fee of $13.12 to proceed on appeal.  That amount is due and payable immediately.  The remainder of the $505.00 appellate filing fee must be paid by Mays in installments over time.

2. Mays's Motion and Affidavit for Permission to Appeal In Forma Pauperis [Doc. No. 21] is **GRANTED**, subject to Mays's payment of the initial partial filing fee.

Dated: October 26, 2021         s/Susan Richard Nelson
                                SUSAN RICHARD NELSON
                                United States District Judge